**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EWA PALAK,<br><br>   *Plaintiff*,<br><br> v.<br><br>BJ's WHOLESALE CLUB, INC. and ROBERT EDDY,<br><br>   *Defendants*. | Civil Action No. 23-00138<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

   This case was removed to this Court by Defendants BJ's Wholesale Club, Inc. (BJ's) and Robert Eddy after *pro se* Plaintiff Ewa Palak initially filed in the Superior Court of New Jersey. Plaintiff alleges that BJ's, her employer, along with Eddy, President and CEO of BJ's, and others, "stole" or "embezzled" part of her wages. Presently before the Court is Plaintiff's motion to remand, D.E. 5, 6, 7, and Defendants' motion to dismiss, D.E. 3. The Court reviewed the parties' submissions[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated herein, Plaintiff's motion to remand, D.E. 5, 6, 7, is

---

[1] Plaintiff filed a letter titled "request to remand" at D.E. 5, along with a "brief in support" at D.E. 5-1, and various exhibits at D.E. 6. Plaintiff also filed identical submissions addressed to Chief Judge Bumb at D.E. 7. The Court construes these filings together as a motion to remand. Defendants filed opposition to the motion to remand at D.E. 8. Plaintiff then filed a reply brief at D.E. 9, which is styled as a "Motion to Deny" the Defendants' opposition to the motion to remand. Defendant's motion to dismiss is filed at D.E. 3. Plaintiff did not file any opposition to the motion to dismiss.

**DENIED** and Defendants' motion to dismiss, D.E. 21, is **GRANTED in part** and **DENIED in part**.

I. **FACTS AND PROCEDURAL HISTORY**[2]

Plaintiff is an hourly employee at a BJ's store located in Linden, New Jersey. D.E. 13-2 ¶ 5. Plaintiff alleges that "[s]ince March 2020, BJ's Wholesale Club, Inc. management have been embezzling my overtime pay, part of incentives for work during pandemic, accrued sick time and a rise in hourly wages." *Id*; D.E. 13-1 at 1. Plaintiff claims that she is not the "only victim of wages theft at BJ's" and that "[a]ccording to information I obtained during investigation, the BJ's management have been embezzling employees' wages for more than 10 (ten) years." D.E. 13-2 ¶ 29. Plaintiff notes that she "submitted to the New Jersey Department of Labor ('NJ DOL') a formal complaint of wages theft by BJ's management." *Id.* ¶ 6. After a hearing on March 22, 2022, *id.* ¶ 38, the NJ DOL wage referee, Evelyn Wallace-Byrd, found "no cause" for the complaint, D.E. 3-3, D.E. 13-2 at 22-24.[3] Plaintiff alleged that "Defendants bribed NJ DOL

---

[2] The facts are drawn from Plaintiff's form complaint, D.E. 13-1, and a document titled "Crime Victim's Request to Issue Default Judgment," D.E. 13-2. Because Plaintiff is proceeding *pro se*, the Court construes these two documents together as the Complaint. Defendants initially did not file the Form Complaint or the entirety of the "Crime Victim's Request" with their notice of removal. The Court ordered Defendants to do so, D.E. 12, and Defendants complied, D.E. 13. While Defendants submitted the documents as a "motion to amend," such a motion is unnecessary and will be administratively terminated. After Defendants filed the requested documents, Plaintiff filed a request that the court "disregard and remove completely erroneous docket entry no. 12." D.E. 14 at 1. Plaintiff claims that "[a]ll statements in [D.E. 12] are false," that the order is "false and fraudulent in its entirety," and that it is "impossible that any judge would issue such a mindless order." D.E. 14 at 1-2. Plaintiff is incorrect—the undersigned authorized the order at D.E. 12 to ensure that the Court could appropriately analyze Plaintiff's claims. Indeed, Plaintiff appears to also believe that Defendants incorrectly failed to file these documents and argued that such failure rendered the removal invalid. *See* D.E. 5 at 2.

[3] The Court may consider the decision from the wage claim proceeding before the NJ DOL as a document integral to and explicitly relied upon in the Complaint. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (explaining that when deciding a motion to dismiss under Rule 12(b)(6), a court may rely on "a document *integral to or explicitly relied* upon in the

officials Evelyn Wallace-Byrd and Gaetano Riccardi," and that Wallace-Byrd "was on a BJ's paycheck" and has a BJ's business email address (ewallace-byrd@bjs.com).  D.E. 13-1 at 2. Plaintiff also alleges that Wallace-Byrd is a "ghost employee or contractor" of BJs, "received large amounts of bribe cash from BJ's management for issuing fraudulent decision depriving me wages for my work," and "has been receiving recurring checks from BJ's for committing the fraud."  D.E. 13-2 ¶¶ 24-25.  Plaintiff notes that she appealed the NJ DOL's decision finding "no cause," and that "[c]orrupted Evelyn Wallace-Byrd and Gaetano Riccardi reportedly sent my appeal to the Court; however, there is no trace of the appeal in the Court."  D.E. 13-1 at 1.

Plaintiff alleges that Defendant Robert Eddy, the President and CEO of BJ's, is "[t]he head of the scheme" to steal employee wages, and is "fully responsible for the embezzlement of employees' wages."[4]  D.E. 13-2 ¶¶ 16, 31.  Plaintiff also claims that the facts alleged "imply [the] existence of a strong theft network within BJ's management."  Id. ¶ 33.

In the present matter, Plaintiff claims that "[a]s I already reported to the NJ DOL . . . BJ's management have embezzled portion of my wages in the amount of $ 1,141.78."  Id. ¶ 10. According to Plaintiff, the "total amount of stolen wages is $ 1,212.48."  Id. ¶ 12.  Plaintiff claims that "[t]heft . . . , intentional tort, securities fraud and bribery of public officials falls under RICO Act."  Id. ¶ 35.  Plaintiff then requests "default judgment . . . for the total amount of $853,673.44."[5] Id. ¶ 41.  Plaintiff calculates her damages by adding the alleged "total amount of stolen wages"

---

complaint . . . without converting the motion to dismiss into one for summary judgment" (emphasis in original) (citation omitted)).

[4] Plaintiff claims that various other BJ's and NJ DOL employees are part of the alleged scheme. See D.E. 13-2 ¶¶ 1, 11, 15-18.  The only Defendants in this action, however, are BJ's and Eddy. Thus, the Court focuses on the allegations as to them.

[5] While Plaintiff requests a "default judgment" in the Complaint, D.E. 13-2 ¶¶ 1, 41, no default has been entered and Defendants are actively defending this action.  The Court construes the request for "default judgment" as a claim for relief.

3

($1,212.48), liquidated damages which she claims to be eligible for under the FLSA and NJ Wages Theft Act ($3,637.44), "compensatory damages in the amount of $500,000," and "punitive damages in the amount of $350,000." *Id.* ¶¶ 10-14.

## II. STANDARD OF REVIEW

Defendants argue that the Complaint should be dismissed because the wage theft claims are barred by res judicata, and the substantive claims are not plausibly pled. D.E. 3. "Although res judicata and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under [Fed. R. Civ. P.] 12(b)(6)." *Walzer v. Muriel, Siebert & Co.*, 221 F. App'x 153, 155 (3d Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id*. at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted). Ultimately, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted); *see also Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 158 (3d Cir.

2001) (citation omitted) ("The party seeking to take advantage of claim preclusion has the burden of establishing it.").

Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

**III. ANALYSIS**

    **A. Motion to Remand**

"After a case has been removed, the district court . . . may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking." *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (citing 28 U.S.C. § 1447(c)). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *see also Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 65 (3d Cir. 1989) (noting that "the district court could only remand within 30 days of the filing of notice to remove for procedural defects" and that § 1447(c) "prohibits . . . untimely remand"); *Perea v. Benjamin H. Realty Corp.*, No. 16-770, 2016 WL 5858654, at *2 (D.N.J. Oct. 4, 2016) ("[A] motion to remand based on a defect in the removal procedure must be brought timely, or the objection is waived."). But "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

No party contests the Court's jurisdiction, but the Court has an independent obligation to establish that it has subject matter jurisdiction. *Doughtery, Clifford & Wadsworth Corp. v. Magna*

5

*Grp. Inc.*, No. 07-1068, 2007 WL 2300719, at *1 (D.N.J. Aug. 6, 2007) ("[T]his Court has the ability and obligation to address concerns of subject matter jurisdiction *sua sponte*." (citation omitted)). Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a).[6] A corporation is "a citizen of ever State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c). Plaintiff is a citizen of New Jersey. D.E. 1-1 ¶ 4. Defendant BJ's is a Delaware corporation, with its principal place of business in Massachusetts. *Id.* Defendant Eddy is a citizen of Massachusetts. *Id.* Thus, Plaintiff is diverse from all Defendants. Plaintiff also claims entitlement to $853,673.44, and thus the amount in controversy exceeds $75,000. D.E. 13-1 at 2. The Court has subject matter jurisdiction over the action.[7]

The Court also notes, *sua sponte*, that "[t]he *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction to review a state court adjudication in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

---

[6] Defendants' notice of removal indicates that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. D.E. 1. Thus, the Court primarily addresses diversity jurisdiction. However, district courts also have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff asserts a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and the Court finds that it has federal question jurisdiction as well.

[7] Plaintiff agrees that diversity jurisdiction exists but argues that the Court should abstain from exercising jurisdiction. *See* D.E. 5 at 5. Plaintiff claims that "where state agency action is involved, federal courts should defer the cases to state courts." *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)). But the abstention doctrine articulated in *Middlesex* concerns parallel and ongoing state and federal proceedings, not the removal of an action from state to federal court. The Court, aware of its "virtually unflagging obligation" to exercise jurisdiction where it is present, *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), sees no reason to abstain from this matter.

6

*Pondexter v. Allegheny Cnty. Hous. Auth.*, 329 F. App'x 347, 350 (3d Cir. 2009) (citation and internal quotation makes omitted). The doctrine is triggered when "[t]he *losing party in state court file[s] suit in a U.S. District Court* after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment." *Skinner v. Switzer*, 562 U.S. 521, 531 (2011) (emphasis added). Here, Plaintiff filed suit in New Jersey state court and Defendants then removed the matter to this Court. D.E. 1. Thus, *Rooker-Feldman* does not apply. *See Halabi v. Fed. Nat'l Mortg. Ass'n*, No. 17-1712, 2018 WL 706483, at *4 (D.N.J. Feb. 5, 2018) (finding *Rooker-Feldman* inapplicable where "it was not Plaintiff, the losing party in state court, but Defendant who brought this matter into federal court through a removal action").

Plaintiff's attack on the removal of this action raises non-jurisdictional issues, including

> (1) Defendants acted in bad faith; (2) Failed to respond timely after summons service; (3) BJ's did not file in the Federal Court any document from the original case in the State Court; (4) Submissions in the fake federal case are missing signatures of an attorney; (5) Attorney Brad Kushner is not admitted to the NJ Federal Bar; (6) BJ's did not meet other procedural requirements for removal.

D.E. 5 at 2. Defendants filed the notice of removal in this Court and in the state court on January 11, 2023. D.E. 1; D.E. 1-3. Plaintiff did not file her letter requesting a remand until February 21, 2023, more than 30 days after the notice of removal.[8] D.E. 5. Given § 1447(c)'s mandatory

---

[8] Plaintiff states that her surname, Palak, was incorrectly docketed as "Palek" until February 21, 2023. Plaintiff argues that she "submitted my [Motion to Remand] to the Federal Court on Feb. 21, 2023 because my surname was added to the case" on that date. D.E. 9 at 4. However, Defendants' counsel certified that he served the notice of removal on Plaintiff at her home address by first class mail, and via email, simultaneously to filing the notice in this Court. D.E. 1-4. Plaintiff also notes that an incorrect docket number for the state court case was initially included. However, the notice of removal includes the correct state court docket number, and Plaintiff appears to have been aware of what case had been removed to this Court from the outset. D.E. 1-1, 1-2.

7

language, the Court will not remand this matter based on the alleged non-jurisdictional defects, and Plaintiff's motion is denied. Because Plaintiff's "remand motion is untimely, the Court does not reach the merits of Plaintiff's argument[s] in support of remand." *Osman v. City of Jersey City*, No. 21-14597, 2022 WL 625355, at *2 (D.N.J. Jan. 28, 2022).

### B. Motion to Dismiss

Defendants first argue that "Plaintiff's wage claims are barred by *res judicata* because these claims were previously litigated before the NJDOL and the NJDOL issued a valid and final decision on the merits." D.E. 3-1 at 4. "Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Att'y Gen. of United States*, 621 F.3d 340, 347 (3d Cir. 2010) (citation omitted). "Because a New Jersey agency adjudicated the original action, this Court looks to New Jersey law '[t]o determine the preclusive effect' of the agency's judgment." *Vaccaro v. Unique Scaffolding Sys.*, No. 21-16657, 2022 WL 1284721, at *2 n.2 (D.N.J. Apr. 29, 2022) (quoting *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357 (3d Cir. 1999)). Under New Jersey law, Defendants must establish the following elements:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

*Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *Id.* (citing *Angel v. Bullington*, 330 U.S. 183, 192-93 (1947)). "'[W]hen an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly

8

before it which the parties have had an adequate opportunity to litigate, the courts [do] not hesitate[] to apply res judicata to enforce repose.'" *Vaccaro*, 2022 WL 1284721, at *2 (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966)). The party seeking to apply the bar of res judicata bears the burden of demonstrating that it applies. *Bondi v. Citigroup, Inc.*, 32 A.3d 1158, 1188-89 (N.J. App. Div. 2011).

Defendants note that "Plaintiff pursued the wage claims set forth in the [Complaint] with the NJDOL." Br. at 5. Plaintiff appears to agree that the wage claims in the Complaint are the same as those litigated before the NJ DOL. *See* D.E. 13-2 at ¶ 10 ("As I already reported to the NJ DOL . . . BJ's management have embezzled portion of my wages in the amount of $1,141.78."). After a hearing on the merits of the wage claims, the NJ DOL wage referee Evelyn Wallace-Byrd found "no cause" for the claims. *See* D.E. 3-3; D.E. 13-2 at 24; D.E. 7-10 at 25.[9]

For res judicata to apply, the prior judgment must be valid. *Watkins*, 591 A.2d at 599. Where a judgment is procured by fraud, collusion, or other conduct inconsistent with a just disposition of the matter, the validity requirement is lacking. *In re Montalvo*, 157 B.R. 510, 513 (D.P.R. 1993) (noting "an exception to the application of *res judicata*" where there is "an alleged fraud underlying the original state court proceeding" and that "a party may collaterally attack a previous judgment by proving that the previous decision arose from fraud"); *Morris v. Jones*, 329 U.S. 545, 550-51 (1947) ("A judgment of a court having jurisdiction over the parties and of the subject matter operates as res judicata, *in the absence of fraud or collusion*[.]" (emphasis added)

---

[9] Plaintiff appears to have unilaterally redacted this document, including crossing out the entirety of the "Opinion" portion of the NJ DOL's decision, because she believes that such information contains "red herrings" and "there is no scintilla of evidence for it." *See* D.E. 13-2 ¶ 28; D.E. 5 at 3. While such action is improper, Defendants have not challenged it. Moreover, the Court understands that the NJDOL found "no cause" for the claims after a hearing, which is sufficient for purposes of deciding the present motion to dismiss.

9

(citation and internal quotation marks omitted)); *N. Pac. Ry. Co. v. Crowell*, 245 F. 668, 676 (D.N.J. 1917) (noting that a judgment from another court will not be binding where it "was procured by fraud, perjury, or collusion, etc."); 46 Am. Jur. 2d. Judgments § 516 (2023) ("[A] judgment obtained by fraud or collusion may not be used as a basis for the application of the doctrine of res judicata."). Here, Plaintiff alleges that "Defendants bribed NJ DOL officials Evelyn Wallace-Byrd and Gaetano Riccardi," that Wallace-Byrd "was on a BJ's paycheck," has a BJ's email address (ewallace-byrd@bjs.com), and was a "ghost employee or contractor" of BJ's who "has been receiving recurring checks from BJ's for committing the fraud." D.E. 13-1 at 2; D.E. 13-2 at ¶ 25. Plaintiff, under a heading titled "Recently discovered facts," claims that both Wallace-Byrd and Riccardi "received large amounts of bribe cash from BJ's management for issuing fraudulent decision depriving me wages for my work." D.E. 13-2 at ¶ 24. Taking these allegations as true, as the Court must at this stage, Plaintiff has plausibly pled that the judgment rendered by the NJ DOL was the product of bribery, which would certainly call into question the validity of that judgment. Because Plaintiff plausibly contests the validity of the judgment, the Court denies the motion insofar as it seeks to apply res judicata to Plaintiff's wage claims. This denial, however, is without prejudice, and Defendants may re-raise the issue if and when they are able to factually contest Plaintiff's allegations of bribery.[10]

Defendants also argue that Plaintiff's RICO claim must be dismissed for failure to state a claim. D.E. 3-1 at 7. RICO makes it "unlawful for any person employed by or associated with

---

[10] The Court also notes that under N.J.S.A. § 34:11-58c, the decision of the wage referee "shall be a judgment when a certified copy thereof is filed with the Superior Court." Thereafter, the judgment shall "have the same effect and be subject to the same proceedings as are judgments rendered in suits duly heard and determined by courts of competent jurisdiction." *Id.* While certain documents from the NJ DOL intimate that an appeal of the "no cause" decision was filed in the New Jersey Superior Court, *see* D.E. 13-2 at 15-24, this Court has not been presented with any actual filings from that case.

10

any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c). The statute further provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor[.]" 18 U.S.C. § 1964(c). To state a civil RICO claim, a plaintiff "must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 518-19 (D.N.J. 2011) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 482-83 (1985)). The Supreme Court has also held that to establish civil liability, a plaintiff "must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). "Person" is defined by RICO as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). "Enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

Defendants argue that Plaintiff "has not identified a distinct person and enterprise" as required by Supreme Court precedent. D.E. 3-1 at 8-9; *see Cedric Kushner Promotions*, 533 U.S. at 161. The Court agrees. Under RICO, "the 'person' commits the predicate acts" and "conducts the enterprise through a pattern of racketeering activity." *Zavala v. Wal-Mart Stores, Inc.*, 447 F. Supp. 2d 379, 383 (D.N.J. 2006). Plaintiff alleges that "*Defendants*," *i.e.*, BJ's and Eddy, "have been embezzling a portion of my wages" and that "*Defendants*" bribed NJ DOL officials." D.E. 13-1 at 1-2 (emphasis added). At the same time, Plaintiff alleges that "[t]he fraud perpetrators are managers of [BJ's] and officials of the [NJ DOL]." D.E. 13-2 ¶ 1. Plaintiff alleges that "BJ's

11

management have embezzled portion of my wages" and "BJ's management stole my overtime pay." *Id.* ¶¶ 10-11. Defendant Eddy and BJ's general counsel Arti Jones are alleged to be the "head of the scheme." *Id.* ¶ 16. Various other individuals are said to have taken part in the conduct as well. *Id.* ¶¶ 15, 17-18. These allegations leave the Court searching for a consistent theory setting forth who the RICO "person" and "enterprise" are. Without a consistent position as to what "person(s)" committed the "racketeering activity" and what the "enterprise" consists of, the Court finds that Plaintiff has not sufficiently pled her RICO claim.[11]

Defendants' final argument is that Plaintiff has "failed to plead a claim for common law fraud with the requisite particularity." D.E. 3-1 at 12-13. Under New Jersey law, the elements of common-law fraud are "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997) (citation omitted). A plaintiff must plead fraud with particularity. Fed. R. Civ. P. 9(b). Plaintiff generally claims that Defendants' (and others) conduct constitutes fraud, and claims that the NJ DOL decision was fraudulent, but does not allege what specific acts constitute the actionable fraud, and further does not allege a material misrepresentation, reliance, or the requisite intent. Without more, Plaintiff has not adequately pled a fraud claim.

---

[11] Defendants alternatively argue that Plaintiff has "failed to adequately plead that Defendants engaged in any 'racketeering activity.'" D.E. 3-1 at 9-12. "'Racketeering activity' means one of the various predicate acts identified in" 18 U.S.C. § 1961(1). *Bonavitacola Elec. Contractor, Inc. v. Boro Devs., Inc.*, 87 F. App'x 227, 231 (3d Cir. 2003). Because the Court finds that Plaintiff has not set forth a consistent, plausible theory of liability on her RICO claim, it does not reach this argument.

## IV. CONCLUSION

Accordingly, and for good cause shown,

IT IS on this 23rd day of May 2023,

**ORDERED** that Plaintiff's motion to remand, D.E. 5, 6, 7, is **DENIED**; and it is further

**ORDERED** that Defendants' motion to dismiss, D.E. 3, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Defendant's motion is **denied without prejudice** as to res judicata; and it is further

**ORDERED** that Defendants' motion is otherwise **granted**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted in this Opinion. If Plaintiff does not file an amended complaint within this time, the claims dismissed herein will be dismissed with prejudice.

_____
John Michael Vazquez, U.S.D.J.